(No. 3884— )

THOMAS NORTON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 12, 1945.*

RAY I. KLINGBIEL, for claimant.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

This complaint was filed on October 10, 1944. It alleges that on the 2nd day of July, 1941, the claimant, Thomas Norton, was employed as an attendant at the East Moline State Hospital in charge of a painter's detail, and while working on a window located in the women's infirmary and while standing on a ladder at a height of about fifteen feet, the ladder broke, causing claimant to fall to the ground, striking his right foot and right heel; that as a result of said fall, the claimant received a second degree laceration of the metatarsal aspect of the foot and heel. An x-ray of the ankle and foot revealed a comminuted fracture of the oscalcis.

The complaint also alleges that all medical, surgical, hospital, etc., in connection with this injury has been furnished by the State, with the exception of railroad fare paid by this claimant in going to and from Chicago.

He seeks an award under the Workmen's Compensation Act for twenty-five per cent functional disability to his right foot.

The Attorney General files a motion to dismiss the complaint on the ground that it was not filed within one year after the date of the accident, in accordance with provisions of Section 24 of the Workmen's Compensation Act. It has been repeatedly held by this Court that the making of claim for compensation and filing application therefor within the time fixed by Section 24 of the Workmen's Compensation Act is a condition precedent, without which the Court of Claims is without jurisdiction to enter an award. *Boismenue* vs. *State,* 12 C. C. R. 36; *Koleita* vs. *State,* 12 C. C. R. 217; *Scott* vs. *State,* 13 C. C. R. 163; *City of Rochelle* vs. *Industrial Commission,* 332 Ill. 386; *Inland Rubber Co.* vs. *Industrial Commission,* 309 Ill. 43; *Simpson* vs. *State,* 10 C. C. R. 394; *Baker* vs. *State,* 10 C. C. R. 111.

This Court has recently held that Section 24 of the Act provides that the right to file application for compensation shall be barred unless such application is filed within one year after the date of accident where no compensation has been paid, or within one year after the date of the last payment of compensation wherein any has been paid. *Scott* vs. *State*, supra.

The complaint shows on its face that the accident occurred on the 2nd day of July, 1941, and that no compensation was paid to claimant subsequent to said injury. It also shows on its face that the complaint was not filed until the 10th day of October, 1944. This Court is without jurisdiction to hear this complaint.

The motion of the respondent is therefore granted. Case dismissed.